UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE A. CIMALA,

       Plaintiff,

v.                                                                  Case No. 11-11973
                                                                    Honorable Julian Abele Cook, Jr.

COMMISSIONER OF
SOCIAL SECURITY

       Defendant.

<u>ORDER</u>

This case involves a complaint by the Plaintiff, Christine A. Cimala, who, in relying upon

the authority of 42 U.S.C. § 405(g), has asked this Court to review a final decision by the

Defendant, the Commissioner of the Social Security Administration ("Commissioner"). The parties

thereafter filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure,[1] both of which were forwarded by the Court to Magistrate Judge Michael Hluchaniuk

for his evaluation. In his report on August 15, 2012, he recommended to this Court that it should

(1) deny the Commissioner's motion for summary judgment, (2) grant Cimala's motion for

summary judgment, (3) remand this case to an administrative law judge pursuant to 42 U.S.C. §

405(g) for further proceedings. The Commissioner has filed a timely objection to this report.

I.

---

[1]Fed. R. Civ. P. 56(c) states, in pertinent part, that "(t)he judgment sought should be rendered if
the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is
no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."

Cimala is a woman in her early forties who graduated from high school and completed some time in college. Her relevant employment history includes work as a paraprofessional in a school environment and as a manager at a variety of retail stores. On August 7, 2007, she filed an application for disability insurance benefits with the Social Security Administration. When her application was denied, Cimala sought and obtained a *de novo* hearing before an administrative law judge who, in a written decision on January 28, 2010, determined that she was not entitled to disability insurance benefits. He concluded that, although Cimala had suffered from back and neck pain, headaches, and possessed a history of shoulder surgeries, she did not have an impairment or a combination of impairments that met or equaled the Listing of Impairments. It was also his determination that even though Cimala has the residual functional capacity to perform less than a full range of unskilled work, and could not perform her prior work as a paraprofessional or a retail store manager, she is nonetheless capable of performing a significant number of jobs that are available in the national economy.

Thus, the administrative law judge concluded by opining that Cimala was not suffering from a disability which is compensable under the Social Security Act. This decision became the official final decision of the Commissioner on March 3, 2011, when the Appeals Council denied her request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than

a scintilla of evidence but less than a preponderance," *Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

### III.

In her appeal, Cimala urges the Court to conclude that the decision by the administrative law judge was erroneous because (1) he failed to properly evaluate the medical records, and (2) his hypothetical question to the vocational expert was incomplete. On the other hand, the Commissioner submits that the administrative law judge's determination was correct and, contrary to Cimala's argument, his conclusion is supported by substantial evidence in the record.

Cimala points to an alleged error by the administrative law judge when he failed to discuss the clinical examination findings regarding her medical problems. Following its review of the record, the Court agrees with Magistrate Judge Hluchaniuk's determination that the administrative law judge did not adequately explain why Cimala's impairments did not meet or equal the listing.

### IV.

In his report, the Magistrate Judge suggested that "[b]ecause the [administrative law judge] failed to properly articulate why [Cimala's] impairments did not meet or equal the listing, this matter should be remanded so that analysis can be undertaken." (Report and Recommendation 16, ECF No. 14). He also noted that the administrative law judge had written the following: "[t]he medical evidence indicates that the claimant's impairments are 'severe' with[in] the meaning of the

Regulations but they are not 'severe' enough to meet or medically equal either singly or in combination Listing 1.04 or any other impairments listed in Appendix 1, Subpart P Regulations No.4." (Tr. 20). Magistrate Judge Hluchaniuk commented that this type of perfunctory analysis has been rejected by the Sixth Circuit. *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 415-416 (6th Cir.2011) ("the ALJ erred by failing to analyze [the claimant's] physical condition in relation to the Listed Impairments . . .in this case, correction of such an error is not merely a formalistic matter of procedure, for it is possible that the evidence [the claimant] put forth could meet [Listing 1.04].")

In his objection, the Commissioner submits that even if the articulation was inadequate, it was harmless error. He correctly points out that in certain cases of administrative review, "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009). The Commissioner submits that "there is no 'clear procedural requirement' in the regulations for the [administrative law judge] to explain his step three finding." However, as noted by Magistrate Judge Hluchaniuk, the Sixth Circuit has held that the failure to analyze the claimant's medical condition in relation to the Listed Impairments is not harmless error. *Reynolds*, 424 Fed. Appx. at 416 ("[administrative law judge's] error was not harmless, for the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits."). Similarly, this Court finds that administrative law judge did not adequately analyze why Cimala failed to meet the disability listing.

IV.

For the reasons that have been outlined above, the Court adopts the Report of Magistrate Judge Hluchaniuk. Therefore, (1) the Commissioner's motion for summary judgment is denied

(ECF 12), (2) Cimala's motion for summary judgment is granted (ECF 7), and (3) the case is

remanded to the administrative law judge for further proceedings as described herein.


        IT IS SO ORDERED.

Date: September 19, 2012                                    s/Julian Abele Cook, Jr.
                                                           JULIAN ABELE COOK, JR.
                                                           U.S. District Judge



                              CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 19, 2012.


                                                   s/ Kay Doaks
                                                   Case Manager